REQUESTED BY: Senator Jerry D. Koch Nebraska State Legislature Room 1519, State Capitol Lincoln, NE 68509
Dear Senator Koch:
By letter dated April 14, 1982, you presented this office with several questions regarding LB 602A, the `bingo bill', with respect to which you apparently wish our opinion.
You first ask whether all lotteries as presently defined by Neb.Rev.Stat. § 28-1101(6) (Reissue 1979) would fall within the new definition of bingo contemplated by LB 602A should that bill be enacted. We think not. Under LB 602A bingo would continue to represent only one hybrid form of lottery. While it is true the new definition of bingo in the bill is broader than that presently found at Neb.Rev.Stat. § 9-127 (Supp. 1980), it would continue to be distinguished from other forms of lottery by the particular method for determining winning chances. Any particular game of chance could be considered bingo only if its winners are determined from a random drawing of a subset of objects from among a total set of objects all of which are peculiarly designated in some manner. Moreover, bingo under LB 602A would continue to employ the use of cards held by players which, by virtue of their relationship to the designated objects drawn, are necessary for ascertaining winners. It seems clear to us that this particular method of determining the winning chances is but one of many which might be conceived under the general definition of lottery found in 28-1101(6).
No different conclusion is compelled by noting that the new bingo definition contemplated by the bill would delete any reference to a specified number of objects which must comprise a total set from which the subset is drawn, which specified number is 75 in existing statutes. Of course, the total number of objects that must be in the set to begin any game must be greater than the number within a subset which determines each winner and, we suppose, large enough to ensure winners will be determined at some point before all objects in the total set are drawn. This, however, seems to us to impose a practical, rather than legal, limitation on how few designated objects must comprise the total set at the beginning of any drawing.
You next ask whether numbered tickets sold by students at a public school athletic or musical function, where the purchaser holds one half of the ticket and the other half goes into a container from which winning numbers are drawn, would fall under LB 602A's definition of bingo. Again, we think not. As noted above, the bill would continue to contemplate that bingo games employ cards in the ascertainment of winners in addition to the employment of designated objects drawn at random. Thus, the kind of activity you describe would not amount to a bingo game.
Your third question, it appears to us, is whether or not newsprint-type cards currently employed in certain games of chance similar to bingo, which you term `English Bingo' or `look-a-like bingo' can be considered `regular bingo cards', in view of Neb.Rev.Stat. § 9-137 and 9-161 (Supp. 1980). You attached your April 14th letter samples of newsprint cards utilized in these other games of chance.
Our judgment is that under LB 602A such newsprint cards would not be considered regular bingo cards. Neb.Rev.Stat. § 9-161 currently requires that the playing spaces on regular cards be contained within an area not less than four inches square.
This requirement is not changed by LB 602A's amendment of 9-161, and thus, any cards such as the newsprint cards you submitted to us failing to meet this size requirement cannot be considered regular bingo cards. This conclusion alone should answer your question, and we respectfully decline to respond to your further inquiry regarding the nondisposability requirement of § 9-137, since that provision is not at all affected by LB 602A and our longstanding policy precludes us from providing opinions on legislation already enacted.
Finally, you ask whether if `pickle cards' are found to fall within the definition of lotteries by the Nebraska Supreme Court, would pickle card games fall within the definition of bingo under LB 602A. Pickle card games as presently conceived determine winners by a method not employing the drawing of subset of objects from among a total set of objects peculiarly designated. Pursuant to LB 602A, this methodological characteristic must exist in connection with a particular game of chance before it can be considered to be bingo. We conclude that the pickle card game as presently conceived would not constitute bingo under the bill. Yours truly, PAUL L. DOUGLAS Attorney General Shanler D. Cronk Assistant Attorney General